AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
Southern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| Susan Klein | ) | Case Number: S6 18 CR 00614 (KMK) |
| | ) | USM Number: 86082-054 |
| | ) | Justine A. Harris, Esq. |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)  1

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 371 | Conspiracy to Violate the Laws of the United States | 3/2016 | 1 |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)  any open or pending  ☐ is  X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 8, 2022
Date of Imposition of Judgment

*/s/ signature*
Signature of Judge

Hon. Kenneth M. Karas, U.S.D.J.
Name and Title of Judge

6/24/22
Date

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __7__

DEFENDANT: Susan Klein
CASE NUMBER: S6 18 CR 00614 (KMK)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

time served. The Defendant has been advised of her right to appeal.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____.

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____.

  ☐ as notified by the United States Marshal.

  ☐ before 2 p.m. onas notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
　　　　　　　　　　　Sheet 3 — Supervised Release

Judgment—Page   3   of   7

DEFENDANT:      Susan Klein
CASE NUMBER:    S6 18 CR 00614 (KMK)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

1 year of supervised release for Count 1.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - X The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. X You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. X You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.


Case 7:18-cr-00614-KMK   Document 218   Filed 07/18/22   Page 4 of 15

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 7

DEFENDANT: Susan Klein
CASE NUMBER: S6 18 CR 00614 (KMK)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page 5 of 7

DEFENDANT: Susan Klein
CASE NUMBER: S6 18 CR 00614 (KMK)

## SPECIAL CONDITIONS OF SUPERVISION

It is recommended that the Defendant is to be supervised by the district of residence.

The Defendant will provide the Probation Officer with access to any and all requested financial information.

The Defendant will not incur any new credit charges or open additional lines of credit without the approval of the Probation Officer unless the Defendant is in compliance with the installment payment schedule.

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 7

DEFENDANT: Susan Klein
CASE NUMBER: S6 18 CR 00614 (KMK)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 1,144,288.37 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| c/o Clerk of the Court<br>Order of Restitution<br>filed under seal |  | $1,144,288.37 |  |
| **TOTALS** | $ | $ 1,144,288.37 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Susan Klein
CASE NUMBER: S6 18 CR 00614 (KMK)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☒  Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| 18 CR00614 Peretz Klein | 1,444,288.37 | 1,444,288.37 | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
See Order of Forfeiture attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- v. -

SUSAN KLEIN,
a/k/a "Suri Klein,"

Defendant

ORDER OF RESTITUTION

S6 18 Cr. 614 (KMK)

WHEREAS, on February 12, 2020, SUSAN KLEIN, a/k/a "Suri Klein," the defendant, was charged in a one-count information, S6 18 Cr. 614 (KMK) (the Information) with one count of participating in a conspiracy to commit one and more offenses against the United States—to wit, wire fraud, in violation 18 U.S.C. § 1343—in violation of 18 U.S.C. § 371; and

WHEREAS, on February 12, 2020, KLEIN pleaded guilty to the sole count of the Information pursuant to a plea agreement, which plea agreement contemplated, among other things, that KLEIN would pay restitution of $1,144,288.37 to the Universal Service Administrative Company; and

WHEREAS, on June 8, 2022, this Court sentenced KLEIN and, among other things, ordered KLEIN to pay restitution of $1,144,288.37; and

WHEREAS, upon agreement of the parties, this Court ordered that such restitution would be joint and several with the order of restitution of $1,144,288.37 that this Court imposed upon KLEIN's co-defendant in this case, PERETZ KLEIN, the defendant; and

WHEREAS, the Government has shown the proposed restitution order to counsel for KLEIN, and KLEIN, through counsel, does not object to the proposed restitution order;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT pursuant to 18 U.S.C. §§ 3663 and 3663A, SUSAN KLEIN shall make restitution in the amount of $1,144,288.37 to the Clerk, U.S. District Court, for disbursement, in its entirety, to:

>    Universal Service Administrative Company
>    Attn: Collections
>    700 12th Street, NW, Suite 900
>    Washington, DC 20005

IT IS FURTHER ORDERED that the Government may provide the Clerk of the Court with information about the victim listed above, including contact addresses, or updated information by writing to the Clerk of the Court, and the Clerk of the Court shall this treat this Order as if it were amended with that information without further order of the Court.

IT IS FURTHER ORDERED that the restitution ordered herein shall be joint and several with the order of restitution imposed upon PERETZ KLEIN, the defendant, in *United States v. Peretz Klein*, S7 18 Cr. 614 (KMK).

IT IS FURTHER ORDERED that, upon commencement of supervised release, to the extent that KLEIN's restitution obligations have not yet been satisfied in full, KLEIN shall pay restitution in monthly installments to be determined by the United States Probation Office, but in no event shall those payments be less than 15% of KLEIN's gross monthly income.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction over this matter to issue such further orders as may be necessary to effect restitution to the victims of the offense in this case.

SO ORDERED:

Dated: White Plains, New York
July 7, 2022

_____
THE HONORABLE KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA :
: CONSENT PRELIMINARY ORDER
- v. - : OF FORFEITURE/
: MONEY JUDGMENT
SUSAN KLEIN, :
: S6 18 Cr. 614 (KMK)
Defendant. :
:
:
:
- - - - - - - - - - - - - - - - x

  WHEREAS, on or about February 12, 2020, SUSAN KLEIN, (the "defendant"), was charged in a one-count Superseding Information, S6 18 Cr. 614 (KMK) (the "Information"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 371 (Count One);

  WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, traceable to the commission of the offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

  WHEREAS, on or about February 12, 2020, the defendant pled guilty to Count One of the Information, pursuant to a plea

agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money equal to $1,144,288.37 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, the defendant consents to the entry of a money judgment in the amount of $1,144,288.37 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Information that the defendant personally obtained; and

WHEREAS, the defendant admits that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offense charged in Count One of the Information that the defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorneys, Michael Maimin, Hagan Scotten, and Vladislav Vainberg, of counsel, and the defendant, and her counsel, Jeremy Leonard Gutman, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the defendant pled guilty, a money judgment in the amount of $1,144,288.37 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the defendant personally obtained, shall be entered against the defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the defendant, SUSAN KLEIN, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture

Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

9. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____  2/12/20
    Michael Maimin                    DATE
    Hagan C. Scotten
    Vladislav Vainberg
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007
    (914)993-1952 / (212)637-2410/1029

SUSAN KLEIN

By: _____  2-12-2020
    SUSAN KLEIN                       DATE

By: _____  2-12-2020
    Jeremy Leonard Gutman             DATE
    40 Fulton Street
    23rd Floor
    New York, NY 10038

SO ORDERED:
_____       7/7/2022
HONORABLE KENNETH M. KARAS            DATE
UNITED STATES DISTRICT JUDGE